**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEBRA L. ROSS,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

        Defendant-Appellee.

No.    15-35173

D.C. No. 6:13-cv-01129-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted September 26, 2017[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Debra Ross appeals the district court's decision affirming the Commissioner

of Social Security's denial of Ross's application for disability insurance benefits

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Ross contends that the administrative law judge ("ALJ") erred (1) in failing to discuss the opinion or treatment notes of Michael D. Geurin, M.D., who was Ross's treating physician during the relevant period; (2) in improperly rejecting her testimony about her fatigue, pain, and ability to sustain activity for a full work day; (3) in rejecting a lay witness statement provided by her co-worker; and (4) in failing to pose a complete hypothetical to the vocational expert. We agree.

1. It is undisputed that the ALJ did not mention Dr. Geurin by name or discuss his treatment of Ross or his opinion about the nature and source of Ross's physical symptoms. The ALJ's failure to mention this treating physician's opinion letter or any of his treatment notes constitutes legal error. *See Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

Although Dr. Geruin requested (through Ross's former counsel) that the ALJ's decision not quote from Dr. Geruin's letter or, alternatively, the ALJ refrain from attributing the letter's contents to Dr. Geruin, Ross did not "invite the [ALJ's] error and relinquish a known right." *United States v. Lindsey*, 634 F.3d 541, 555 (9th Cir. 2011) (citing *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997)). The request did not relieve the ALJ of the obligation to follow the agency's own

2

regulations, which require the evaluation of "every medical opinion" submitted into evidence. 20 C.F.R. §§ 404.1527(c), 416.927(c).

2. The ALJ failed to provide "specific, clear and convincing reasons" supported by substantial evidence for finding Ross's testimony about the severity of her fatigue and pain not credible. *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). First, although a claimant's favorable "response to conservative treatment" and use of only over-the-counter pain medication can be sufficient to discount a claimant's testimony regarding the severity of her symptoms, *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007), the ALJ's reasoning regarding Ross's symptom testimony is undermined by his failure to discuss or assign any weight to Dr. Geurin's treatment records and opinion. Second, the ALJ failed to identify specific symptom testimony the ALJ found to be inconsistent with Ross's reported activities of daily living, *see Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)), and the symptom testimony the ALJ mentioned did not contradict Ross's own account of her activities of daily living, *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Third, Ross's failure to

3

heed medical advice to stop smoking provides, at most, a tenuous basis for discounting her testimony about the severity of her pain and fatigue. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Finally, because the ALJ failed to provide other specific, clear and convincing reasons sufficient to discount Ross's testimony about her fatigue and pain, a lack of supporting medical evidence cannot provide the sole basis for discounting that symptom testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

3. The ALJ summarized Sherman's lay witness testimony as "consistent with the claimant's allegations," but failed to provide specific clear and convincing reasons for discounting Ross's symptom testimony. Thus, the ALJ's failure to provide germane reasons for discounting Sherman's lay witness testimony is error. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (explaining that an ALJ must give germane reasons in order to discount competent lay witness testimony).

4. Because the ALJ committed reversible error in failing to discuss Ross's treating physician and failed to provide legally sufficient reasons for discounting Ross's symptom testimony and the lay witness statement from Ross's co-worker, it follows that the hypothetical the ALJ posed to the vocational expert is potentially flawed due to a failure to include the limitations assessed by Dr. Geurin and described by Ross and her co-worker. *Cf. Bray*, 554 F.3d at 1228 ("If an

ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." (internal quotation marks and citation omitted)).

Accordingly, we remand to the district court with instructions to remand to the ALJ for further proceedings on an open record. *See Burrell v. Colvin*, 775 F.3d 1133, 1141–42 (9th Cir. 2014) (reversing where neither the ALJ's rejection of a physician's opinion nor the ALJ's discounting of the claimant's symptom testimony was supported by substantial evidence, and remanding on an open record because "the record as a whole create[d] 'serious doubt' as to whether [the] [c]laimant [wa]s, in fact, disabled").

**REVERSED and REMANDED.**